[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: NOTION FOR SUMMARY JUDGMENT NO. 110
This matter is before the court on the defendants' motion for summary judgment claiming that they are entitled to judgment as a matter of law because the plaintiff lacks standing to enforce the note which is the subject matter of this action.
The following facts are pertinent to a consideration of this matter:
On March 15, 1995, the plaintiff, Diversified Financial Services, Inc., filed a one count complaint against the defendants, James A. Miller and Joyce R. Miller, seeking to collect on a $90,000 note. Thereafter, on May 15, 1995, the plaintiff filed a motion for default for failure to appear against the defendants. Although the defendants filed an CT Page 13039 appearance on May 22, 1995, the court, Levin, J., entered judgment on the defendants' default on May 31, 1995. On June 6, 1995, the court, Ballen, J., entered judgment in the amount of $99,932.08 against the non-appearing defendants. On June 8, 1995, the plaintiff moved to default the defendants for failure to plead, and the court granted the plaintiff's motion on June 15, 1995. On July 26, 1995, the plaintiff filed a motion to open and vacate the May 31, 1995 judgment entered against the defendants for failure to appear on the ground that it was not the true owner of the note upon which judgment had entered. The court has not ruled on that motion. On the same date, the plaintiff filed a motion to substitute, together with a memorandum of law, seeking to substitute Diversified-Collidge Equities Limited Partnership, alleged to be the owner of the note at issue in this action, in place of itself as plaintiff. The court has not ruled on that motion. On August 3, 1995, the defendants filed an objection to the plaintiff's motion to open and an objection to the plaintiff's motion to substitute. On the same date, the defendants filed a motion for summary judgment, together with a memorandum of law, asserting that they are entitled to judgment as a matter of law because the plaintiff in this action is not entitled to enforce the note which is the subject matter of this case and because the lack of a proper plaintiff is fatal to this action.
In light of the existing court orders in this matter, the court may not rule upon the defendants' motion for summary judgment at this time. On May 31, 1995, the court, Levin, J., entered judgment against the defendants based on the defendants' failure to appear. This judgment remains in effect, as the plaintiff's motion to open the judgment has not been acted upon by the court, and the defendants have not filed a motion to open that judgment. That judgment must first be opened (by either party) in order for the defendants to raise lack of subject matter jurisdiction, or file a motion for summary judgment. Moreover, despite the entry of a final judgment on May 31, 1995, the defendants were thereafter defaulted for failure to plead on June 15, 1995. It is procedurally anomalous for a default for failure to plead to enter after judgment on a default for failure to appear has entered. Nevertheless, because judgment has entered against the defendants, and because the plaintiff's motion to open that judgment has not been acted upon by the court, the defendants' motion for summary judgment is not properly before the court. CT Page 13040
It is true that in the present case, the issue of lack of subject matter jurisdiction has been brought to the court's attention by the defendants. Generally, an issue of lack of subject matter jurisdiction, once raised, "must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." GoldenHill Paugussett Tribe of Indians v. Southbury, 231 Conn. 563,570, 651 A.2d 1246 (1995). Additionally, issues of subject matter jurisdiction may be raised by the court sua sponte, and if the court "finds that it has no [subject matter] jurisdiction, it must dismiss the case, without regard to previous rulings."Vicenzo v. Warden, 26 Conn. App. 132, 134, 599 A.2d 31 (1991). Nevertheless, the court declines to rule on the issue of subject matter jurisdiction sua sponte because of the pending motion to open the May 31, 1995 judgment and the motion to substitute, which, if granted, will render the issue of subject matter jurisdiction moot.
Consequently, since the defendants' motion for summary judgment was filed after judgment had entered against them, their motion for summary judgment is not properly before the court and is accordingly denied.
THE COURT
MAIOCCO, J.